OPINION
{¶ 1} Defendant John T. Murphy appeals a judgment of the Municipal Court of Fairfield County, Ohio, which overruled his motion to suppress evidence gathered during his arrest. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS."
 {¶ 3} Appellant's motion to suppress argued evidence gathered at the arrest should be suppressed because the arresting officer had no reasonable articulable suspicion of unlawful activity sufficient for the officer to detain appellant. At the hearing on the motion to suppress, Officer Randy Bartow, of the Lancaster Police Department testified on November 29, 2004, at approximately 7:15 p.m., he was on road patrol when he received a radio dispatch regarding a vehicle driving recklessly. The caller stated the vehicle was on Sheridan Drive and had pulled over in the area of Huffer.
 {¶ 4} Officer Bartow testified he drove in the direction of Sheridan Drive and observed appellant's vehicle parked in front of the first residence on Sheridan near Huffer. The vehicle was running.
 {¶ 5} The officer testified he walked up to the vehicle and appellant opened the door. The officer testified there was a strong odor of alcohol inside the vehicle and about appellant's person.
 {¶ 6} On cross, Officer Bartow testified he had no information regarding the reliability of the anonymous call. Officer Bartow admitted he never saw appellant's vehicle moving, nor did he observe any illegal activity. The officer admitted appellant was legally parked and the officer did not tell appellant he was free to leave.
 {¶ 7} After the court overruled his motion to suppress, appellant changed his plea from not guilty to no contest.
 {¶ 8} The State argues the officer did not stop appellant's vehicle, but rather approached it when it was already stopped.
 {¶ 9} After the officer approached the vehicle and spoke with appellant, the officer observed indicia of intoxication, and had cause to detain him.
 {¶ 10} This court has had occasion to review similar circumstances, see, e.g., State v. Diano, Stark App. No. 2003-CA-00061, 2003-Ohio-6363;State v. Kegley (May 17, 1996), Ashland App. No. 95COA1126; and State v.Paxton (May 4, 1992), Perry App. No. CA414. In each of these cases, this court held because the vehicle was already stopped, the officer and could approach a vehicle for the purpose of conducting a routine investigation. In Diano, supra, this court found the encounter was consensual, and as such, the Fourth Amendment was not implicated, Diano, paragraph 15, citing United States v. Mendenhall (1980), 446 U.S. 544, 100 Sup. Ct. 1870,64 L. Ed. 2d 497.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed. Costs to appellant.